**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Fortuna IP, LLC,<br><br>              Plaintiffs,<br><br>vs.<br><br>Fertitta Entertainment, LLC, *et al.*,<br><br>              Defendants. | Case No. 2:25-cv-01758-APG-MDC<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY (ECF NO. 66)** |

The Court has reviewed defendants' *Motion to Stay Discovery* ("Motion") (ECF No. 66) and **GRANTS** the Motion for the reasons below.

## I.    BACKGROUND

This is a patent infringement case. *ECF Nos. 1*, *56*. Defendants filed this Motion following their *Motion to Dismiss* ("Dismiss Motion") (ECF No. 65) plaintiff's Amended Complaint (ECF No. 56). *ECF No. 66*. Plaintiffs oppose the Dismiss Motion. *ECF No. 71*. Defendants filed a Reply addressing plaintiffs' Opposition. *ECF No. 75*.

## II.    LEGAL STANDARD

### A.    The Court Has Inherent Discretion to Control Discovery

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every

action.'" *Tradebay*, 278 F.R.D. at 602 (quoting Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

### B.    The Pragmatic Approach

The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382-GMN-MDC, 2024 WL 2302151, at *2-3 (D. Nev. May 21, 2024)*.* The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.*, at *2

## III.    STAYING DISCOVERY IS APPROPIATE UNDER THE PRAGMATIC APPROACH

### A.    Discovery is Not Needed to Respond to the Pending Dismiss Motion

Defendants argue that the Dismiss Motion can be decided without further discovery. *ECF No. 66*. Plaintiff argues that there are material factual disputes ripe for discovery "embedded" in the Dismiss Motion. *See ECF No. 71* at 4-8. However, plaintiff does not articulate any specific discovery needed to respond to the Dismiss Motion, which plaintiff filed (ECF No. 73) soon after its opposition to the Motion. The Court also finds that plaintiff's argument for discovery goes to the merits of his claims and not the sufficiency of his complaint to survive dismissal, which is the issue relative to the Dismiss Motion. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (In evaluating a motion to dismiss, courts accept all well-pleaded facts as true and construe them in the light most favorable to the plaintiff.). Therefore, the Court agrees with defendants that the Dismiss Motion can be adjudicated without discovery at this time.

### B.    Good Cause Exists to Stay Discovery

Defendants have also shown good cause to stay discovery. Defendants argue that discovery will result in "undue burden and expense" for them, given the parties, patents, and devices involved in this

case.[1] *ECF No. 66* at 7. They also argue that plaintiff would not be harmed by staying discovery and that a stay would save expenses for parties if the Dismiss Motion is granted. *Id.* at 7-8. Plaintiff disputes that defendants would suffer undue burden or expense from discovery moving forward. *ECF No. 71* at 8-9.

Defendants have shown that they would suffer undue burden and expense if discovery was not stayed in this case, especially as their pending Dismiss Motion would be dispositive of the case. *See Free Speech Found., Inc. v. Phila. Indem. Ins. Co.*, No. 2:23-cv-01407-MMD-BNW, 2023 WL 11802591, at *3 (D. Nev. December 22, 2023) (the burden of showing discovery may be unduly burdensome is lower in the context of moving to stay discovery pending adjudication of a dispositive motion). Moreover, Federal Rule of Civil Procedure ("Rule") 1 provides that the federal rules should "be construed, administered, and employed… to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011) ("[T]his court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1."). Adjudicating the Dismiss Motion here "would provide for either a clear and concise statement of the claims… or complete dismissal of plaintiff's claims[,]… [saving] the parties from the expenses of unnecessary discovery." *Overall v. Transp. Commodities*, No. 2:25-cv-02036-APG-MDC, 2026 WL 488442, at *2 (D. Nev. February 20, 2026). Therefore, the objectives of Rule 1 would be met by staying discovery pending adjudication of the Dismiss Motion. *See* Fed. R. Civ. P. 1.

Finally, plaintiff generally argues that they are concerned about being "continually harmed by [d]efendants' past and continued infringement of its patents." *ECF No. 71* at 9. The Court finds that plaintiffs' concerns unpersuasive and insufficient to preclude a short stay of discovery. As indicated

---

[1] Parties also dispute if the preliminary peek test establishes good cause to stay discovery. *ECF No. 66* at 7; *ECF No. 71* at 8. As stated above, the Court will not consider the preliminary peek test in adjudicating if a stay of discovery is appropriate here and only uses the pragmatic approach. *See Aristocrat Techs., Inc.*, 2024 WL 2302151, at *2-3.

above, staying discovery until the Dismiss Motion is adjudicated allows parties to focus their discovery on the claims that survive dismissal, if any, and thus ensures a "just, speedy, and inexpensive determination" of this case. Fed. R. Civ. P. 1.

ACCORDINGLY,

**IT IS ORDERED** that defendants' *Motion to Stay Discovery* (ECF No. 66) is **GRANTED**. Discovery is stayed pending the disposition of their *Motion to Dismiss* (ECF No. 65) or further Court order, including an order on any motion to lift the stay.

DATED: May 19, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge